**ELECTRONICALLY FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO.: 4:22-CV-156-JHM

GREENVILLE NURSING AND REHABILITATION, LLC;
GREENVILLE NURSING AND REHABILITATION HOLDINGS, LLC,    PLAINTIFFS

v.     **COMPLAINT**

LARRY MAJORS, as EX'R of the
ESTATE of BARBARA MAJORS, deceased,    DEFENDANT

\* \* \* \* \* \* \* \* \*

Plaintiffs, Greenville Nursing and Rehabilitation, LLC and Greenville Nursing and Rehabilitation Holdings, LLC ("Plaintiffs") hereby file this Complaint against Defendant, Larry Majors, as Executor of the Estate of Barbara Majors, deceased ("Defendant") seeking (i) to compel arbitration of the claims asserted by Defendant in the Muhlenberg Circuit Court, Muhlenberg County, Kentucky, Case No.: 22-CI-00068, (the "State Court Action"); (ii) to enjoin Defendant from further pursing the State Court Action; and (iii) for related relief.

In support of the Complaint, Plaintiffs state:

1. As explained below, a valid and enforceable Arbitration Agreement exists under Federal law which governs a dispute between the parties. (See "Arbitration Agreement," attached hereto as Exhibit "A," referenced herein as the "Arbitration Agreement"). Rather than pursuing resolution of his dispute in accordance with the terms of the Arbitration Agreement, Defendant has filed suit in the Muhlenberg Circuit Court seeking money damages for alleged violations of Barbara Majors' rights. (See "Complaint", attached hereto as Exhibit "B"). Pursuant to 9 U.S.C. §4, this Court may compel arbitration and Plaintiffs request that this Court do so, pursuant to 28 U.S.C. §2283

and *Great Earth Co. v. Simons*, 288 F.3d 878, 894 (6th Cir. 2002). Plaintiffs also request this Court to enjoin Defendant from further pursuing the State Court Action that he initiated in an effort to avoid the Arbitration Agreement. Plaintiffs further request that after compelling arbitration and enjoining Defendant, the Court stay this matter pursuant to 9 U.S.C. §3 until the arbitration is completed, at which point the Court may enter judgment on any arbitration award.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiffs' claims arise under the Constitution and laws of the United States (United States Constitution Article 3, Section 2), 28 U.S.C. §1332(a)(1) and 9 U.S.C. §4 because of diversity of citizenship.

3. In *Jackson v. Legacy Health Services, Inc.*, 640 S.W.3d 728 (Ky. 2022), the Kentucky Supreme Court, by state action, violated the due process clause of the 14th Amendment and Equal Protection Clause of the 14th Amendment and the attendant rights of Plaintiffs by denying their fundamental right to enter into contracts and treating differently from other contracts the Arbitration Agreement at issue.

4. Thus federal law both creates the cause of action alleged herein and Plaintiffs' right to relief necessarily depends on the resolution of a substantial question of federal law.

5. In addition, application of the *Jackson v. Legacy Health* decision violates the Federal Arbitration Act and the Supremacy Clause of the U.S. Constitution.

**PARTIES AND JURISDICTION**

6. Greenville Nursing and Rehabilitation, LLC, is and was at all times mentioned herein an Indiana limited liability company, and is wholly owned by Greenville Nursing and Rehabilitation Holdings, LLC, the sole member of Greenville Nursing and Rehabilitation, LLC. See Paragraph 7. below. Therefore, Greenville Nursing and Rehabilitation, LLC is a citizen of New York.

7.      Plaintiff, Greenville Nursing and Rehabilitation Holdings, LLC, is and was at all times mentioned herein an Indiana limited liability company, and its sole member is a resident and citizen of New York. Therefore, Greenville Nursing and Rehabilitation Holdings, LLC is a citizen of New York.

8.      Upon information and belief, Larry Majors, as Executor of the Estate of Barbara Majors, and Barbara Majors, were at all times referenced herein citizens of the Commonwealth of Kentucky for purposes of diversity of jurisdiction analysis.

9.      Complete diversity of citizenship exists between Plaintiffs and Defendant.

10.     The claims which Plaintiffs seek to compel to arbitration are for actual and punitive damages of an unspecified amount in excess of seventy-five thousand dollars in the State Court Action. Therefore, the amount in controversy exceeds seventy-five thousand dollars, exclusive of interest and costs, which is the minimum required for federal diversity jurisdiction. (See Defendant's Complaint in the State Court Action attached hereto at Exhibit "B", at ¶¶ 38, 44, 52, and 86).

11.     The transactions and contracts or agreements that are the subject of this action involve commerce among the several states (*i.e.,* interstate commerce), and the controversies that are the subject of this action arise out of said transactions and contracts or agreements within the scope of the Federal Arbitration Act, 9 U.S.C. §1-16 ("FAA").

12.     Defendant is subject to the personal jurisdiction and process of this Court and can be served at 1155 St. Rt. 2107, Cleaton, KY 42332, or through his attorneys in the State Court Action, c/o Hannah R. Jamison, Esq., Circeo Law Firm, P.S.C., 360 E. Vine St., Ste. 110, P.O. Box 1807, Lexington, KY 40588-1807.

13. The events giving rise to this cause of action occurred in Greenville, Muhlenberg County, Kentucky, where Defendant signed the Arbitration Agreement attached hereto as Exhibit "A" concerning Barbara Majors' admission to Greenville Nursing and Rehabilitation, a nursing home operated by Plaintiff, Greenville Nursing and Rehabilitation, LLC, which is licensed by the Commonwealth of Kentucky, and where Defendant alleges Barbara Majors suffered injuries and damages due to the alleged negligence of Plaintiffs. Accordingly, pursuant to 28 U.S.C. §1391(b) and LR 3.2(a)(1), venue is proper in this Court.

## FACTUAL ALLEGATIONS

14. Plaintiffs re-allege and incorporate all the allegations contained in paragraphs 1 to 13 of this Complaint as if fully set forth herein.

15. On February 24, 2021, Defendant signed the Arbitration Agreement attached hereto as Exhibit "A."

16. The Arbitration Agreement contains a provision, which provides in pertinent part that:

> Facility and Resident agree that any legal dispute, controversy, demand or claim (hereinafter collectively referred to as "claim" or "claims") arising out of, or relating to Resident's admission to facility, or any service, diagnosis, or care of the Resident provided by facility including the applicability of this Arbitration Agreement and the validity thereof, shall be resolved exclusively by binding arbitration. . .

(See Ex. A, p. 1).

17. All of Defendant's claims in the State Court Action are covered within the scope of the Arbitration Agreement.

18. All of Defendant's claims in the State Court Action arise out of Plaintiffs' alleged ownership, operation, management, control, licensing and/or services provided for Greenville Nursing and Rehabilitation during the residency of Barbara Majors. (See Ex. "B" at pp. 3-4, ¶¶4 and 5).

19. On February 19, 2021, the Muhlenberg District Court entered an Order appointing Larry Majors as Guardian for Barbara Majors. See Exhibit "C" attached hereto. The Guardianship Order specifically granted to Larry Majors the power to execute instruments and enter into contractual relationships on behalf of Barbara Majors. *Id*.

20. Defendant alleges in the State Court Action that Plaintiffs are foreign companies who owned, operated, managed, controlled and/or provided services for Greenville Nursing and Rehabilitation. (See Ex. "B" at pp. 3-4, ¶¶4 and 5). Defendant further alleges in the State Court Action that Plaintiffs controlled the operation, planning, management, budget and quality control of Greenville Nursing and Rehabilitation either directly or through joint enterprise. *Id*. at ¶25. Finally, Defendant alleges in the State Court Action that Plaintiffs knowingly developed and maintained staffing levels at Greenville Nursing and Rehabilitation without regard for patient acuity levels or the minimal time to perform the essential functions of providing care to Barbara Majors. *Id*. at ¶33.

21. Section 2 of the FAA requires judicial enforcement of arbitration agreements "save upon such grounds as exist at law or in equity for the revocation of any contract" as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

See 9 U.S.C. §2.

22. Defendant's claims in the State Court Action and the Arbitration Agreement attached hereto as Exhibit A evidence a transaction involving commerce under 9 U.S.C. §2.

## COUNT I:
## ACTION TO COMPEL ARBITRATION

23. Plaintiffs re-allege and incorporate all the allegations contained in paragraphs 1 to 22 of this Complaint as if fully set forth herein.

24. Defendant refuses to submit his claims in the State Court Action to binding arbitration as provided in the Arbitration Agreement attached hereto as Exhibit "A".

25. Section 4 of the FAA provides Plaintiffs the right to petition this Court for an Order directing that arbitration proceed in the manner provided in the Arbitration Agreement.

26. Plaintiffs submit that a valid Arbitration Agreement exists which encompasses all of Defendant's claims in the State Court Action and request this Court to enter an Order requiring Defendant to pursue all of his claims in the State Court Action in the manner provided in the Arbitration Agreement.

## COUNT II:
## VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION BY IMPAIRING THE FUNDAMENTAL FEDERAL RIGHT TO CONTRACT

27. Plaintiffs re-allege and incorporate all the allegations contained in paragraphs 1 to 26 of this Complaint as if fully set forth herein.

28. The United States Constitution, through the Fourteenth Amendment Due Process Clause, protects those fundamental rights and liberties which are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed. See *Washington v. Glucksberg*, 521 U.S. 702, 720-21, 117 S. Ct. 2258, 2268, 138 L. Ed. 2d 772 (1997).

29. The U.S. Supreme Court long ago recognized that the general right to make a contract is part of the liberty of the individual protected by the 14th Amendment of the Federal Constitution.

*Allgeyer v. Louisiana*, 165 U. S. 578, 17 Sup. Ct.. 427, 41 L. Ed. 832 (1897); see also, *Lochner v. New York*, 198 U.S. 45, 25 S. Ct 539, 49 L. Ed 937 (1905)(overruled on other grounds, *Ferguson v. Skrupa*, 372 U.S. 726 (1963)).

30. The Fourteenth Amendment "forbids the government to infringe ... 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v Flores*, 507 U.S. 292, 302, 113 S.Ct. 1439, 1447 (1993). The right to contract is a long-recognized liberty interest. The "Fourteenth Amendment liberty includes the right ... to enter into all contracts which may be proper, necessary and essential" to a citizen's needs. See *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 859 (6th Cir. 2012)(citing *Glucksberg*, 521 U.S. at 760 (internal quotation marks omitted)).

31. *Jackson v. Legacy Health Services, Inc.*, 640 S.W.3d 728 (Ky. 2022), violates the Fourteenth Amendment Due Process Clause by impairing Plaintiffs' federal constitutional right to enter into contracts.[1]

32. Specifically, *Jackson v. Legacy Health*, requires a Guardian to obtain court approval prior to entering into an otherwise voluntary pre-dispute (and presumably post-dispute) arbitration agreement with a nursing home. Such a requirement "fails to put arbitration agreements on an equal plane with other contracts". *Kindred Nursing Centers Ltd. Partnership v. Clark*, 137 S.Ct. 1421, 1427 (2017). The Kentucky Court of Appeals acknowledged that reality before being overturned by the Kentucky Supreme Court. See *Legacy Health Services, Inc. v. Jackson*, 2021 WL 137772 (Ky.App.2021)("The law as expressed in *Kindred* is clear to this Court. Interpreting KRS 387.500, et seq., in a way that allows a guardian authority to enter into contracts generally but denies that authority relative to an arbitration agreement is to create a rule violating the

---

[1] A corporation is a "person" within the meaning of the due process and equal protection clauses of the Fourteenth Amendment. *See Grosjean v. Am. Press Co.*, 297 U.S. 233, 244, 56 S. Ct. 444, 447, 80 L. Ed. 660 (1936).

supremacy of the FAA, 9 U.S.C.8 § 2."). In reversing the decision of the Court of Appeals, the Kentucky Supreme Court in *Jackson v. Legacy Health Services, Inc.*, 640 S.W.3d 728 (Ky. 2022) thereby placed arbitration agreements into a special category, with a different standard for enforcement, in direct violation of the FAA and impairing Plaintiffs' fundamental right to contract.

33. Further, *Jackson v. Legacy Health* violates Plaintiffs' due process by requiring Plaintiffs to obtain a guardianship court's approval before entering an arbitration agreement, but not any other kind of agreement. Requiring court approval solely for an arbitration contract infringes upon Plaintiffs' right to enter into an arbitration contract with a guardian or conservator otherwise authorized to enter into contracts generally without prior court approval.

34. The *Jackson v. Legacy Health* Court again harkened the "fundamental right" to a jury trial as it impermissibly did in *Extendicare Homes, Inc. v. Whisman*, 478 S.W.3d 306 (Ky.2015), while similarly acknowledging a guardian's ability to execute any manner of other contracts without prior court approval. Such a preference incorrectly elevates the choice of a jury trial over that of a contractually bound arbitral forum in long term care litigation and infringes upon Plaintiffs' fundamental and constitutionally protected right to enter into arbitration contracts with residents' guardians and conservators without prior court approval. Indeed the Kentucky Supreme Court in *DeGrella By and Through Parrent v. Elston*, 858 S.W.2d 698 (Ky.1993) held that a guardian need not obtain prior court approval before withdrawing artificial nutrition and hydration from a ward residing in a long-term care facility.

35. In *Shelley v. Kraemer*, 334 U.S. 1, 14 (1948), the U.S. Supreme Court explained "[t]hat the action of state courts and of judicial officers in their official capacities is to be regarded as action of the State within the meaning of the Fourteenth Amendment, is a proposition which has long been established by decisions of this Court." See also *Kirby v. Lexington Theological Seminary*,

426 S.W.3d 597, 619 (Ky. 2014)(citing *Shelley* for the proposition that both decisions of the legislature and judiciary are considered state actions).

36. The *Jackson v. Legacy Health* Court's rule of law not only impaired but effectively eliminated Plaintiffs' right to enter into enforceable arbitration contracts freely with the residents' guardians and conservators – who otherwise hold the unqualified legal power to execute contracts of every nature – thus violating Plaintiffs Fourteenth Amendment substantive Due Process right to make and enter into contracts. The Kentucky Supreme Court did so even though the FAA and the U.S. Supreme Court said it could not.

37. Defendant's decision to willfully ignore the arbitration contract, executed on behalf of Barbara Majors by her guardian, Larry Majors, and request for judicial application of the Kentucky Supreme Court's decision in *Jackson v. Legacy Health*, abridges Plaintiffs' Constitutional right to due process.

**COUNT III:**
**VIOLATION OF EQUAL PROTECTION CLAUSE OF THE**
**FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

38. Plaintiffs re-allege and incorporate all the allegations contained in paragraphs 1 to 37 of this Complaint as if fully set forth herein.

39. Kentucky Courts are willing to enforce some arbitration contracts, but not all. In *Schnuerle v. Insight Communications Co., L.P.*, 376 S.W.3d 561 (Ky. 2012), the Kentucky Supreme Court held that "arbitration is a favored method of dispute resolution. 'Arbitration has always been favored by the courts.' *Poggel v. Louisville Ry. Co.*, 225 Ky. 784, 10 S.W.2d 305, 310 (1928). 'Kentucky law favors the enforcement of arbitration agreements.' *Medcom Contracting Services, Inc. v. Shepherdsville Christian Church Disciples of Christ*, 290 S.W.3d 681, 685 (Ky.App.2009) (citing *Kodak Mining Co. v. Carrs Fork Corp.*, 669 S.W.2d 917 (Ky.1984)); see also *Ally Cat,*

*LLC v. Chauvin*, 274 S.W.3d 451, 457 (Ky.2009)." But, in refusing to honor arbitration contracts involving long term care, the *Jackson v. Legacy Health* Court essentially held that not all contracts are created equal.

40. *Jackson v. Legacy Health*, supra violates the Fourteenth Amendment Equal Protection Clause by not requiring prior court approval before Plaintiffs can enter into contracts generally with guardians and conservators, but requiring prior court approval (which might well be arbitrarily withheld) before Plaintiffs can enter into arbitration contracts with residents of long term care facilities.

41. Plaintiffs must be entitled to the same equal protection as any signator on contracts generally. Simply put, the Fourteenth Amendment commands persons who are similarly situated must be treated alike. See *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

42. Defendant's decision to willfully ignore the arbitration contract, executed on behalf of Barbara Majors by her guardian, Larry Majors, and request for judicial application of the Kentucky Supreme Court's decision in *Jackson v. Legacy Health*, abridges Plaintiffs' Constitutional right to equal protection under the laws.

## COUNT IV:
## ACTION TO ENJOIN DEFENDANT

43. Plaintiffs re-allege and incorporate all the allegations contained in paragraphs 1 to 42 of this Complaint as if fully set forth herein.

44. The Anti-Injunction Act, 28 U.S.C. §2283, provides authority for this Court to enjoin Defendant from further pursuing the State Court Action upon a finding that a valid Arbitration Agreement exists covering all of the claims asserted in the State Court Action.

45. After finding that a valid Arbitration Agreement exists, Plaintiffs request this Court to enter an Order which not only compels Defendant to pursue all of his claims in the State Court Action in accordance with the Arbitration Agreement, but which also enjoins Defendant from further pursuing his claims in the State Court Action.

46. The Sixth Circuit Court of Appeals has interpreted 28 U.S.C. §2283 to allow this Court to so enjoin Defendant when such an injunction would be necessary to protect or effectuate the District Court's judgments.

47. Here, enjoining Defendant from further pursuing the State Court Action would be necessary to protect the final judgment of the District Court on this issue.

WHEREFORE, Plaintiffs pray for the following relief:

1. A judgment by this Court finding the Arbitration Agreement attached hereto as Exhibit "A" to be valid and enforceable, and compelling Defendant to arbitrate all claims alleged in the State Court Action in accordance therewith;

2. An Order enjoining Defendant from further pursuing his claims in the State Court Action in State Court, or in any other action, save the procedures provided under the Arbitration Agreement;

3. An Order staying this Action pending an award or decision from the arbitrator;

4. Plaintiffs' costs and fees in bringing this Action; and

5. Any further relief that the Court deems appropriate.

Respectfully submitted,

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

*/s/ J. Peter Cassidy, III*
J. Peter Cassidy, III, Esq.
2452 Sir Barton Way, Suite 300
Lexington, KY 40509
859-226-0057
859-226-0059 – facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I additionally certify that a true and accurate copy of the foregoing was served via U.S. mail, first class, postage prepaid, on the 11th day of November, 2022, upon:

Hannah R. Jamison, Esq.
Circeo Law Firm, P.S.C.
360 E Vine St., Ste. 110
P.O. Box 1807
Lexington, KY 40588-1807

*/s/ J. Peter Cassidy, III*
ATTORNEY FOR PLAINTIFFS